[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case was tried, jury-waived, in January, 1991. The Court reserved decision as the parties agreed to consolidate a related Rhode Island Department of Environmental Management Administrative appeal. This appeal was resolved by consent order in June, 1991.
Plaintiffs purchased real estate fronting the Wenscott Reservoir, North Providence, Rhode Island on August 5, 1980. The home located on the property was two years old and was occupied by defendant Quaranto, a real estate developer and builder. Quaranto built the house for himself and his family and not for speculation or sale on the open market. Marital discord altered those plans. On the property were seven timber retaining walls. The timbers were eight feet long and the walls range from 10 feet to 145 feet in length. The property was conveyed to the plaintiffs by warranty deed from defendant Barrilla, a straw for Quaranto, who admitted giving Quaranto permission to place his name on certain parcels of real estate.
The evidence indicated there were discussions prior to the purchase concerning the walls and the plaintiffs were told by Quaranto they were constructed with first class materials, in good condition and should be maintained by applying creosote periodically. Mr. Martin also testified he visually inspected the walls and saw no defects. Two years after purchasing the property the plaintiffs began to notice deterioration of the timbers, the situation became progressively worse and in 1986 the wood timber walls were replaced with stone walls.
The plaintiffs, learned, for the first time, after replacing most of the timber walls that a permit to construct the original wall had never been applied for, nor issued by the Department of Environmental Management and they were ordered to restore the property to its original condition. In other words, tear down all the walls.
Plaintiffs allege Quaranto was negligent in that he constructed the walls with untreated timber. Quaranto as the general contractor certainly could have have chosen a better grade of timber but chose not to. This home was built for him, not for immediate resale. As an experienced builder, Quaranto knew or should have known that treated timber would have a longer life span. However, under these circumstances he owed no duty to the plaintiffs. Were this home built to be sold upon completion on the open market, the result might be different.
Plaintiffs also allege the defendants misrepresented the condition of the timbers. The timbers were in good condition at the time of purchase and the Court is satisfied there is insufficient evidence to substantiate any fraudulent inducement claim.
There is also insufficient evidence to convince the Court there should be recovery based upon an express or implied warranty.
The Court does find, however, that defendant Quaranto as general contractor and defendant Barrilla as the owner of record are responsible for plaintiffs' expenses incurred in the procurement of a Department of Environmental Management permit to alter the walls.
The owner and the developer knew or should have known that a permit was necessary and as a direct and proximate result of their conduct the plaintiffs have incurred expenses in the amount of $16,050.00. Quaranto and Barrilla are obligated as a matter of law and equity to make the innocent purchasers whole.
Judgment may enter for the plaintiffs against defendant Armand Quaranto and defendant Peter Barrilla in the amount of $16,050.00, plus interest plus costs.